390 So.2d 1012 (1980)
Peyton W. WILLIAMS, Jr., et al.,
v.
Boswell STEVENS et al.
No. 51684.
Supreme Court of Mississippi.
December 10, 1980.
*1013 John E. Hughes, III, Wells, Wells, Marble & Hurst, Jackson, for appellant.
M.M. Roberts, Hattiesburg, A.F. Summer, Atty. Gen. by Ed Davis Noble, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En banc.
BROOM, Justice, for the Court:
La Bauve Trustee voting rights relative to membership on the Board of Trustees (the Board) of State Institutions of Higher Learning under Section 213-A of the Mississippi Constitution of 1890 highlight this case. Complainants (appellants) are: Peyton Williams, Jr. and Jane Koelz, faculty and staff employees of Mississippi State University, and Katherine J. Mosley, a staff employee of Jackson State University. Named as defendants were Boswell Stevens, Dr. Verner S. Holmes, Dr. R.C. Cook, William M. Shoemaker, Sr., Travis E. Parker, Bobby L. Chain, Mrs. Miriam Q. Simmons, Dr. Robert Walker Harrison, Charles C. Jacobs, Jr., Dr. John R. Lovelace, Mrs. Betty A. Williams, Neal Denton Rogers and Robert L. Shemwell, Jr., the membership of the Board of Trustees of State Institutions of Higher Learning when suit was commenced, and Dr. E.E. Thrash, Executive Secretary of the Board.[1] Originally filed in the Chancery Court of Noxubee County, suit was transferred to the Chancery Court of the First Judicial District of Hinds County. The lower court sustained appellees' (defendants) general demurrer and the complainants appeal here.
The controversy resulting in the litigation before us arose from action taken April 28, 1977, when the Board considered a motion
[T]o allocate $100,000.00 to Delta State University and $300,000.00 to the University of Mississippi before allocating according to the formula the remaining increase for on-campus general support for 1977-78.
By a 7 to 6 vote, the La Bauve Trustee voting affirmatively, this motion was approved by the Board. The appellants correctly point out that except for the La Bauve Trustee vote, the motion would have failed on a tie vote. Argument of the appellants is that the La Bauve Trustee was not entitled to vote on the motion because it did not exclusively pertain to the University of Mississippi. Appellants (complainants) aver in their bill that they "individually have been damaged monetarily and in their inability to fulfill the terms and conditions of their contract." Their action sought a permanent injunction precluding
... the "Trustee for the La Bauve Fund", and his successors in office, if any, to participate in any business of the Board whatsoever, unless said business of the Board pertains exclusively and uniquely to the University of Mississippi, and does not affect in any manner any other institution of higher learning.
In making his ruling, the chancellor stated:
This court cannot do that which is requested by the complainants. Since the provisions of the section of the Constitution in question provide that the La Bauve Trustee shall be a trustee in addition to the other trustees, he is in fact a member of the Board of Trustees of Institutions of Higher Learning. The section restricts him to voting "only in matters *1014 pertaining to the University." The context of the word university indicates clearly that this does mean the University of Mississippi, and no question is raised about that part. But the limitation placed on the La Bauve Trustee to voting only in matters pertaining to the University of Mississippi is clear and unambiguous. In effect, when any matter is put to a vote before the Board, the question must be first answered, "Does the matter before the Board for a vote pertain to the University of Mississippi?" If it pertains to the University of Mississippi, then the La Bauve Trustee has the right to vote. If it does not pertain to the University of Mississippi, the La Bauve Trustee does not have a right to vote.
Along with their answer and demurrer the appellees filed as separate defenses: (1) a plea contending that the appellants lacked "standing to bring this suit;" and (2) a plea in bar contending that no appeal had been taken "from the action of said Board" in the proper manner. Along with and as a part of their pleas was their request that the pleas "be heard prior to a hearing on the merits... ." Nevertheless, without addressing or ruling on the separate defenses, the chancellor sustained the demurrer and stated:
The demurrer raised questions of jurisdiction and standing to sue, but the main thrust of the matter has to do with the interpretations of the words used in Section 213-A of the Mississippi Constitution. * * *
Left unresolved were the issues of the complainants' "standing" and the "plea in bar." Both these issues should be decided at an evidentiary hearing before reaching other issues.
True it is that the parties proceeded to trial on demurrer without pressing for a resolution of the "standing" issue. However, our view is that the issue of "standing" is a jurisdictional question which can and should be raised by us on our own motion-this is especially true where, as here, a constitutional interpretation is sought. To conclude otherwise would permit the "standing" issue to be resolved with the accompanying possibility that it might be determined adversely to the complainants, thereby leaving this Court in the awkward posture of having interpreted the constitution for complainants who had no legal right to invoke the jurisdiction of the Court.
Established law is that constitutional issues are not reached if cases can be resolved upon other bases and surely this includes the right to invoke the jurisdiction of the Court. This is in accord with the following statement of Justice Frankfurter excerpted from his concurring opinion in Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951):
But in a case raising delicate constitutional questions it is particularly incumbent first to satisfy the threshold inquiry whether we have any business to decide the case at all. Is there, in short, a litigant before us who has a claim presented in a form and under conditions "appropriate for judicial determination?" Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000. (341 U.S. at 150, 71 S.Ct. at 637, 95 L.Ed. at 842).
And see Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979):
We first address three preliminary questions not raised by the parties or the Alabama Courts below, but which nevertheless may be jurisdictional and therefore are considered of our own motion.

The first concerns the standing of Mr. Orr
.....
(440 U.S. at 271, 99 S.Ct. at 1107, 59 L.Ed.2d at 314). (Emphasis added).
We stated in Hancock County v. State Highway Commission, 188 Miss. 158, 193 So. 808 (1940):
[O]ne of the fundamental principles in invoking a court's jurisdiction is that the plaintiff or complainant, as the case may be, must show a right in himself to invoke the jurisdiction of the court. (188 Miss. at 164, 193 So. at 810).
*1015 The threshold issue of standing to sue and the plea in bar should be resolved by remand to the trial court before we reach the constitutional issue.
Accordingly we remand for the trial court to resolve the issues of (1) standing, and (2) the plea in bar, stated above. If these issues are resolved favorably to the appellants, the court should hear proof on the bill and answer. The case should not be decided on a general demurrer because the case involves close questions of constitutional interpretation. This accords with our long standing rule stated in Griffith's Mississippi Chancery Practice, § 310, 2d Ed. (1950), as follows:
In accordance with the trend of modern judicial opinion it has been definitely established as a rule by our latest cases that attempts should not be made to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point the grounds of the demurrer are sustainable in strict law.
The evidentiary hearing should address the creation and history of the La Bauve Trust, the legislative and constitutional history of the La Bauve Trustee, the voting rights accorded the La Bauve Trustee, and any other matters relevant to the issues so this Court will have a complete record in the event of another appeal.
REMANDED FOR FURTHER ACTION BY THE LOWER COURT IN ACCORDANCE WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Dr. Cook and Mr. Shemwell are deceased. Tommy Munro succeeded Dr. Cook; Betty A. Shemwell succeeded Mr. Shemwell.