MYERS, J.,
for the Court.
¶ 1. Frankie Farmer, George Pilgrim, Andrew Stepp, Robert Moody, and Roosevelt Howard (hereinafter “Complainants”) are appealing a decision from the Chancery Court in the First Judicial District of Hinds County dismissing their claims. Complainants are former employees of the Mississippi Department of Public Safety (hereinafter “MDPS”), with the Mississippi Highway Patrol. Complainants argue that they possess an equitable right to compensation or credit for their unused leave time, which should be applied to their retirement.
STATEMENT OF FACTS
¶ 2. In order to adequately understand the case now before us, an explanation of the procedural history is necessary. One of the Complainants, Robert E. Moody, has tried this issue before the Mississippi Supreme Court previously. Moody v. Mississippi Dept. Of Public Safety/Highway Patrol, 729 So.2d 1249 (Miss.1999). The remaining Complainants had their own cases pending in various circuit courts when the Moody case was decided. Upon the release of the Moody decision, the remaining Complainants’ cases were dismissed by the circuit courts. Complainants then joined together and filed their causes of action as one equitable claim in the Chancery Court of Hinds County.
¶ 3. The Moody decision began as a grievance filed with a grievance officer then appealed to the Mississippi Employee Appeals Board (hereinafter “EAB”). The EAB upheld the ruling of the grievance officer who ruled that the statutory provision was unconstitutional and Moody was entitled to receive monetary compensation, or additional credit in the retirement system for unused leave time. MDPS then *983 appealed the decision of the EAB to the Circuit Court of Hinds County where the decision was reversed. The circuit court held that the issue raised by the Complainants was a non-grievable issue in accordance with the EAB Administrative Rules, that Miss.Code Ann. § 25-13-ll(e) did not violate Moody’s substantive due process rights, and that the EAB had exceeded the authority it was given by statute by declaring the statute unconstitutional. The circuit court explained that an administrative agency cannot exceed the authority it is given and that the power to determine whether a statute is unconstitutional is reserved for the judiciary, not an administrative agency. Moody then appealed the decision of the circuit court to the Mississippi Supreme Court, which affirmed the circuit court’s ruling.
¶ 4. In the case sub judice, Complainants filed a grievance based on “non-grievable issues” with the EAB. The EAB declined ruling on the matter, as it did not feel that it possessed the authority to issue a ruling, pursuant to its own rules. Upon the EAB’s decision to decline issuing a ruling, the case was presented to the Hinds County Chancery Court, where the plaintiffs argued they possessed a right in equity to the unused leave time. MDPS then filed a motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure arguing that the Complainants had failed to exhaust administrative remedies and/or the arguments were precluded under the notions of res judicata or collateral estoppel, the Complainants failed to state a cause of action upon which relief could be granted, and that the action was barred by the applicable statute of limitations. The chancery court issued an order dismissing the Complainants’ case on the grounds of res judicata, collateral estoppel, and/or for the failure to exhaust all administrative remedies.
¶ 5. The Complainants argue that their new claim was an issue based in equity, and they were denied the ability to exhaust the available administrative remedies. Complainants further argue that having been denied access to an administrative forum, they were denied access to the chancery court on the basis of failure to exhaust the available administrative remedies.
¶ 6. Aggrieved by the ruling of the chancery court, Complainants appeal raising the following issue:
I. WHETHER COMPLAINANTS ARE ENTITLED TO EQUITABLE REVIEW OF THEIR CLAIMS RELATING TO COMPENSATION AND RETIREMENT BENEFITS, WHICH ARE EXCLUDED FROM STATE SERVICE GRIEVANCE PROCEDURE, RELATIVE TO THEIR EMPLOYMENT IN STATE SERVICE IN MISSISSIPPI.
Finding no error in the decision of the chancellor, we affirm.
LEGAL ANALYSIS
I. WHETHER COMPLAINANTS ARE ENTITLED TO EQUITABLE REVIEW OF THEIR CLAIMS RELATING TO COMPENSATION AND RETIREMENT BENEFITS, WHICH ARE EXCLUDED FROM STATE SERVICE GRIEVANCE PROCEDURE, RELATIVE TO THEIR EMPLOYMENT IN STATE SERVICE IN MISSISSIPPI.
¶ 7. Complainants argue that their grievance was denied a forum for hearing, as a decision on the merits was never reached on their equitable claims. Complainants argue that the chancellor’s finding that their claims were barred by the doctrines of res judicata, collateral estoppel, and/or *984 failure to exhaust all administrative remedies was in error.
STANDARD OF REVIEW
¶ 8. “This Court employs a de novo standard of review of a trial court’s grant or denial of a motion to dismiss.” Spencer v. State, 880 So.2d 1044, 1045 (¶ 6) (Miss.2004).
DISCUSSION
¶ 9. Central to Complainants’ appeal is Mississippi Code Annotated § 25-13-ll(e) (Rev.2003), which at the time the Complainants’ cause of action accrued, stated:
Upon retiring from service, a member shall be eligible to obtain retirement benefits, as computed above, for life, except that the aggregate amount of the employer’s annuity and prior service annuity above described shall not exceed more than eighty-five percent (85%) of the average compensation regardless of the years of service.
¶ 10. The Complainants’ prayer for relief included “back pay” for those Complainants who performed the same duties as those similarly situated but received a lower wage and full compensation for each Complainants’ unused personal leave and unused sick leave. These are the same issues raised in each of the Complainants’ previous suits and were addressed in the Moody decision. The Mississippi Supreme Court in ruling on the Moody case affirmed the circuit court’s decision, holding that the issue was a non-grievable issue under the Administrative Rules of the Employee Appeals Board; that the Employee Appeals Board is without authority to declare a statute unconstitutional; and, that the statute in question is constitutional. The Complainants then attempted to transform the issues previously litigated into an equitable issue by claiming that they have an equitable entitlement to the matters for which they pray for relief. The chancery court then granted MDPS’s motion to dismiss for failure to state a claim upon which relief can be granted in accordance with Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, citing traditional notions of res judicata, collateral estoppel, and/or for the failure to exhaust all administrative remedies as the reasons for the dismissal.
¶ 11. The Complainants argue that by declining to hear the case on the merits, due to res judicata, collateral estoppel, and/or failure to exhaust all available administrative remedies, the chancery court has denied the Complainants a forum for which their claims may be heard. As the chancellor in her order and opinion notes, the Mississippi Supreme Court has decided this issue, and the ruling set forth is clear. The Mississippi Supreme Court has further held that “where a complete and adequate remedy exists at law for a plaintiffs claim, the chancery courts should not intervene to award equitable relief.” Broadhead v. Terpening, 611 So.2d 949, 954 (Miss.1992) (citing Moore v. Sanders, 558 So.2d 1383, 1385 (Miss.1990)). The Complainants’ grievance has been addressed in accordance with the law of Mississippi and allowing the issues to be restructured as equitable claims would constitute a duplication of process.
¶ 12. The Complainants argue that the chancery court, in the name of equity, can modify the provisions of Miss.Code Ann. § 25-13-ll(e). In making this argument, the Complainants disregard the fact that the Mississippi Supreme Court has previously found the statute to be constitutional. Moody, 729 So.2d at 1254 (¶¶ 18-19). Arguing that the chancery court may change the law in the name of equity goes against the equitable maxim that “equity follows the law” which the Mississippi Supreme Court has stated means that a *985 chancery court “cannot ignore an unambiguous statutory principle in an effort to shape relief.” Estate of Miller, 840 So.2d 703, 708 (¶ 14) (Miss.2003).
¶ 13. As the Moody decision addressed the Complainants’ claims, and finding the issues complained of to be non-grievable, these issues cannot again be litigated in the form of an equitable issue. As the prior decisions of the Mississippi Supreme Court have held, to allow this issue to proceed as an issue of equity would be a duplication of process. As such, Complainants’ grievances are barred by the traditional notions of res judicata, collateral estoppel, and/or for failure to exhaust all administrative remedies. Therefore, we affirm the decision of the chancery court.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.