937 So.2d 459 (2006)
Joseph DAVIS, Jr., Appellant
v.
BILOXI PUBLIC SCHOOL DISTRICT, Biloxi Public School Board, Board of Trustees, and Dr. Robert W. Bowles, Individually, Appellees.
No. 2004-CP-00900-COA.
Court of Appeals of Mississippi.
November 22, 2005.
Rehearing Denied May 2, 2006.
*460 Joseph Davis, Jr., Appellant, pro se.
Edward F. Donovan, Biloxi, attorney for appellees.
Before KING, C.J., CHANDLER, and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Joseph Davis, Jr. was terminated from his job as a teacher's aide. The Biloxi Public School District held a hearing and upheld the termination. Davis appealed to the Harrison County Circuit Court, which dismissed the appeal. Davis now appeals to this Court, raising the following issues that we quote verbatim from his brief:
I. WAS THERE SUBSTANTIAL CREDITABLE EVIDENCE TO SUSTAIN THE UNLAWFUL SUSPENSION(S) AND TERMINATION OF EMPLOYMENT BY THE BILOXI PUBLIC SCHOOL DISTRICT, BILOXI PUBLIC SCHOOL BOARD, BOARD OF TRUSTEES, AND BILOXI PUBLIC SCHOOL ADMINISTRATORS UNDER § 37-9-1, § 37-9-59 AND § 37-9-113?
II. WAS THE BILOXI PUBLIC SCHOOL DISTRICT, BILOXI PUBLIC SCHOOL BOARD, BOARD OF TRUSTEES, AND BILOXI PUBLIC SCHOOL ADMINISTRATORS' ACTIONS ARBITRARY AND CAPRICIOUS IN THE TERMINATION OF EMPLOYMENT UNDER § 37-9-113?
III. DID THE APPELLANT'S REPORTING OF THE FINANCIAL MISMANAGEMENT BY THE BILOXI PUBLIC SCHOOL COMPTROLLER AND ADMINISTRATORS TO THE STATE AUDITOR GENERALS OFFICE HAVE AN INFLUENCE ON THE ACTIONS OF THE BILOXI PUBLIC SCHOOL DISTRICT, BILOXI PUBLIC SCHOOL BOARD, BOARD OF TRUSTEES, AND BILOXI PUBLIC SCHOOL ADMINISTRATORS REGARDING THEIR ARBITRARY AND CAPRICIOUS TERMINATION OF EMPLOYMENT?
IV. WHY HAS THE RELEVANT EVIDENCE UNDER M.R.C.P. RULE 401 AND CREDITABLE EVIDENCE UNDER M.R.C.P. RULE 803(14) AND (15) FROM THE COURT AND FROM THE CLOSED SCHOOL BOARD HEARING BEEN SUPPRESSED DURING THE JUDICIAL PROCESS IN THIS CASE BY THE COURT AND THE BILOXI PUBLIC SCHOOL DISTRICT, BILOXI PUBLIC SCHOOL BOARD, BOARD OF TRUSTEES AND BILOXI PUBLIC SCHOOL ADMINISTRATORS?
¶ 2. Finding no error, we affirm.

*461 FACTS
¶ 3. Joseph Davis, Jr. worked as a teacher's aide at Popps Ferry School in Biloxi. On August 29, 2003, the school's principal suspended Davis for five days for repeated acts of unprofessional and disrespectful conduct. When Davis returned to the school on September 5, he received a letter from Robert Bowles, Deputy Superintendent of the Biloxi Public School District, informing him that he was terminated effective immediately.
¶ 4. Davis received a hearing before the Biloxi Public School Board of Trustees, where the board upheld the termination. Davis claims the hearing was unfair because it was closed to the public, lasted for only fifteen minutes, and his termination was not upheld by a unanimous vote. Davis appealed to the Harrison County Circuit Court. The circuit court judge dismissed the appeal, finding that Davis was not entitled to judicial review because he was an at-will employee.

ANALYSIS
¶ 5. Public school employees who are required to have a valid license issued by the State Department of Education are vested with tenure protections crafted into the Mississippi Education Employment Procedures Law. Miss.Code Ann. §§ 37-9-101-113 (Rev.2001). A public school employee is defined as: "Any teacher, principal, superintendent or other professional personnel employed by the local school district for a continuous period of two (2) years with that district and required to have a valid license issued by the State Department of Education as a prerequisite of employment." Miss.Code Ann. § 37-9-103 (Rev.2001). As a teacher's aide, Davis is a non-certified employee and not required to have a license issued by the State Department of Education as a prerequisite of employment.[1]
¶ 6. In Harrison County School Bd. v. Morreale, 538 So.2d 1196 (Miss.1989), the Harrison County Chancery Court reversed the Harrison County School Board's decision to terminate Morreale on the rationale that she had been denied due process. Like Davis, Morreale was a teacher's aide whose employment was terminated by her school district. Like Davis, Morreale contended that the hearing afforded to her by the Harrison County School District lacked adequate due process protections.
¶ 7. The Mississippi Supreme Court found that Morreale's employment did not fall within the protections of the Mississippi Education Employment Procedures Law because she was a teacher's aide and not required by law to have a teacher's certificate as a prerequisite to her employment. Id. at 1200. The court went on to evaluate whether Morreale was entitled to a hearing and found that she was entitled to a hearing only if her job constituted a property interest. Id. (citing Board of Regents v. Roth, 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). "A property interest in one's continued employment exists only when the employee has `a legitimate claim of entitlement to it.'" Id. (quoting Roth, 408 U.S. at 576, 92 S.Ct. 2701). "[T]he sufficiency of the claim of entitlement must be decided by reference to state law." Id. (quoting Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)). Mississippi follows the common law rule that an employee hired for an indefinite term may be discharged *462 for any reason at the will of his employer. Id. (citing Perry v. Sears, Roebuck & Co., 508 So.2d 1086 (Miss.1987); Shaw v. Burchfield, 481 So.2d 247 (Miss. 1985)). The court concluded that Morreale was not entitled to a hearing because she had no valid claim of entitlement to continued employment as a teacher's aide, and her termination deprived her of no property interest that would invoke the due process provisions of the United States Constitution. Id.
¶ 8. This Court finds the holding of Morreale to be instructive to the disposition of the present case. Davis was not a licensed teacher, he had no contract for his employment, and he enjoyed no statutory protections. Davis was an at-will employee, and the Biloxi Public School District had the discretion to terminate him for any reason.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING J., CONCURS IN RESULT ONLY.
NOTES
[1] The appeal from a final decision of the school board must be taken in the chancery court. Miss.Code Ann. § 37-9-113 (Rev. 2001). Thus, the circuit court would lack jurisdiction even if Davis' claims fall within the protections of the Mississippi Education Employment Procedures Law.