MYERS, P.J.,
 

 for the court.
 

 ¶ 1. Joseph Davis, Jr., appeals the dismissal of his pro se lawsuit relating to the termination of his employment as a teacher’s aide with the Biloxi Public School District in September 2003. The Circuit Court of Harrison County dismissed his complaint, finding that any claims not cov
 
 *1137
 
 ered by the doctrines of collateral estoppel or res judicata were barred under the applicable statute of limitations. Davis now appeals.
 

 ¶2. In the instant case, Davis alleged causes of action for “wrongful termination, obstruction of justice, intimidation, retaliation, libel, slander, evincing intentional acts individually,” as well as a cause of action under 42 U.S.C section 1983 for the deprivation of his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Davis also alleged a violation of the Civil Rights Act of 1991.
 

 ¶ 3. As noted by the circuit court, Davis raised many of the same factual and legal issues in a previous action. This Court entered its opinion in this case in
 
 Davis v. Biloxi Pub. Sch. Dist.,
 
 937 So.2d 459 (Miss.Ct.App.2005)
 
 (“Davis
 
 I”). There, Davis appealed his termination from the decision of the Biloxi School Board. We affirmed the circuit court’s finding that Davis, as a teacher’s aide, was not entitled to a hearing under the Mississippi Education Employment Procedures Law.
 
 Id.
 
 at 461-62 (¶¶ 7-8). We further held that because Davis was an at-will employee, he had no property interest in his employment sufficient to invoke the due process provisions of the United States Constitution.
 
 Id.
 
 Davis’s motion for rehearing and a petition for writ of certiorari in his prior appeal were denied, as was his appeal to the United States Supreme Court.
 

 ¶ 4. The effect of this prior judgment on Davis’s claims relating to the termination of his employment is well established. “In short, where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent suit on a different cause of action.”
 
 Garraway v. Retail Credit Co.,
 
 244 Miss. 376, 385, 141 So.2d 727, 730 (1962).
 

 ¶ 5. Four identities are required to establish res judicata: (1) identity of the subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or character of persons against whom the claim is made.
 
 Riley v. Moreland,
 
 537 So.2d 1348, 1354 (Miss.1989). In this case, these identities are all present and the doctrine applicable.
 

 ¶ 6. On appeal, Davis argues that our prior findings — that he was an at-will employee and had no constitutional property interest in his previous employment— were in error because he was fired for being a “whistleblower.” However, under the doctrine of collateral estoppel, Davis is precluded from relitigating in a second action issues already decided in the prior action.
 
 Howard v. Howard,
 
 968 So.2d 961, 973(¶ 27) (Miss.Ct.App.2007).
 

 ¶ 7. The circuit court dismissed Davis’s remaining claims as barred by the statute of limitations. Davis filed the instant action on February 28, 2007. As the circuit court noted, this is almost three years and six months after Davis was terminated as a teacher’s aide with the Biloxi Public School District, on September 4, 2003. As found by the circuit court, any claims that Davis has should have been raised either within the one-year statute of limitations of the Mississippi Tort Claims Act, the one-year statute of limitations for intentional torts, or the general three-year statute of limitations under Mississippi Code Annotated section 15-1-49 (Rev.2003).
 
 [1]
 

 ¶ 8. In his pleadings in the circuit court, the only factual basis Davis alleges to sup
 
 *1138
 
 port these causes of action is his allegation that he was “wrongfully and unlawfully terminated” from his employment at the school district. All of his allegations, to the extent that they are developed in his pleadings or subsequent filings in the record, appear to relate to his termination and the events immediately preceding and following it.
 

 ¶ 9. On appeal, Davis’s only argument relating to the statute of limitations is that the statute should be tolled because in
 
 Davis 1,
 
 Davis’s appeal from the school board’s decision to terminate his employment, the circuit court failed to rule on certain “Rule 60 Motions.”
 

 ¶ 10. This, however, cannot toll the statutes of limitations for Davis’s claims. For authority, Davis cites to
 
 Michael v. Michael,
 
 650 So.2d 469 (Miss.1995). The holding there, however, concerns the tolling of the time to file a notice of appeal;
 
 Michael
 
 has no application to statutes of limitation. Accordingly, we find that the circuit court did not err in dismissing Davis’s remaining claims as barred under the statute of limitations.
 

 ¶ 11. In their brief, the Biloxi Public School District defendants argue that Davis’s appeal is frivolous and warrants an award of sanctions under Mississippi Rule of Appellate Procedure 38. Under Rule 38, we may assess sanctions where an appeal is found to be frivolous. The question this presents is “whether a reasonable person would have any hope for success.”
 
 Harris v. Harris,
 
 988 So.2d 376, 380(¶ 16) (Miss.2008). While we find Davis’s arguments without merit, we do not find them frivolous; accordingly, sanctions are not appropriate in this case.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . The statute of limitations for section 1983 claims in Mississippi is three years.
 
 Giles v. Stokes,
 
 988 So.2d 926, 928(¶ 9) (Miss.Ct.App.2008).