CARLTON, J.,
for the Court:
¶ 1. Gilda H. Davis and Joseph Davis Jr. appeal from the Harrison County Circuit Court’s judgment affirming the dismissal of their complaint. Finding no error in the circuit court’s order dismissing the Davises’ claims as barred under the statute of limitations, we affirm.
FACTS
¶2. On September 4, 2003, the Biloxi Public School District (School District) terminated Joseph from his position as a teacher’s aide based on his “repeated acts of unprofessional and disrespectful conduct.” The School District complied with Joseph’s request to have the Board of Trustees (Board) conduct a hearing to determine whether his termination should be upheld. After conducting a hearing, the Board upheld the School District’s decision to terminate Joseph’s employment.
¶ 3. In January 2004, Joseph filed a complaint in the Harrison County Circuit Court, which the circuit judge subsequently dismissed after finding that Joseph was not entitled to judicial review because he was an at-will employee. Joseph appealed, and this Court affirmed the decision of the circuit court dismissing Joseph’s complaint. Davis v. Biloxi Pub. Sch. Dist., 937 So.2d 459 (Miss.Ct.App.2005) (Davis I). This Court clarified that Joseph, as a teacher’s aide, was not an employee enti-tied to the due-process protections of the Mississippi’s Education Employment Procedures Law of 2001, Mississippi Code Annotated section 37-9-113 (Rev.2007), and that none of his constitutional rights were violated because the School District terminated him for “repeated acts of unprofessional and disrespectful conduct.” Davis I, 937 So.2d at 461 (¶ 3). Joseph’s petition for certiorari was denied by the Mississippi Supreme Court and the United States Supreme Court, respectively.[1]
¶ 4. Joseph filed a second suit in Harrison County Circuit Court in February 28, 2007, asserting the same allegations against the same defendants as the first suit. On November 16, 2007, the circuit judge dismissed Joseph’s complaint, holding that the claims raised were essentially the same legal claims which were raised by Joseph in his first legal action and finding that the claims asserted which were not otherwise barred by collateral estoppel and/or res judicata were barred by the statute of limitations. This Court again affirmed the dismissal, holding: “under the doctrine of collateral estoppel, Davis is precluded from relitigating in a second action issues already decided in the prior actionf;]” res judicata applied; and “the circuit court did not err in dismissing Davis’s remaining claims as barred under the statute of limitations.” Davis v. Biloxi Pub. Sch. Dist., 43 So.3d 1135, 1137-38 (¶¶ 6-10) (Miss.Ct.App.2009) (Davis II).
¶ 5. On April 29, 2004, the School District notified Joseph’s wife, Gilda, a physical education teacher’s aid, that the School District would not renew its employment contract with her for the following school year. On May 26, 2004, Gilda claimed that she received injuries to her side, back, and *324 legs while on the premises of Beauvoir Elementary School in Biloxi, Mississippi. Gilda stated that while she was in the school gymnasium, her supervisor, Coach Jim Taylor, instructed Gilda to open the door under the stage, pull out the rolling carts containing two rows of metal folding chairs, and then set up the chairs in the gym. While removing the rolling carts, Gilda claimed that she slipped, fell, and held on to the cart as it rolled over her legs, injuring her side, legs, and back.
¶ 6. Both Gilda and Joseph filed suit in the Harrison County County Court on May 30, 2007, alleging wrongful termination and age discrimination. On April 15, 2008, the School District filed for dismissal or in the alternative for summary judgment, claiming that the Davises’ claims were barred by the three-year statute of limitations pursuant to section 15-1-49 (Rev.2009), and by the one-year statute of limitations pursuant to the Mississippi Tort Claims Act section 11 — 46—1 (Supp. 2010). The School District also asserted that Gilda’s claims were barred by the exclusive remedy provision of the Mississippi Workers’ Compensation Act. The School District moved to dismiss any claims asserted by Joseph based on res judicata. The county court issued a judgment of dismissal, finding that Gilda’s claims were barred by the applicable statutes of limitation. The county court also held that Joseph’s claims were barred by collateral estoppel, res judicata, and the applicable statute of limitations, and sanctioned Joseph in the amount of $2,000 for filing a frivolous lawsuit.
¶ 7. The Davises subsequently appealed to the Harrison County Circuit Court. The circuit court affirmed the county court’s dismissal of the appeal, finding that the Davises’ claims were barred by the applicable statutes of limitation and that Joseph’s claims were barred by res judica-ta and collateral estoppel. The circuit court noted that Gilda claimed for the first time on appeal that: she was injured on the job; she was prevented from drawing her unemployment compensation due to this injury; and she never received any workers’ compensation. The circuit court held that this issue was never pled in Gilda’s complaint; thus, it was not properly before the circuit court on appeal. The circuit court also found that “as to [Gilda’s] new claim that she was terminated due to her May 26, [2004] accident, this is clearly not supported in the record as the [April 29, 2004] non-renewal letter predates the accident by nearly a month.” The circuit court continued to state that any on-the-job injury would be subject to the Mississippi Workers’ Compensation Act.
¶ 8. The Davises now appeal, arguing that the circuit court erred in dismissing Gilda’s claims as barred by the statute of limitations. Gilda claims that she received her injuries on May 26, 2004, was terminated on May 31, 2004, and filed her complaint on May 25, 2007. She submits that the county court clerk did not stamp her complaint as filed until May 30, 2007.
STANDARD OF REVIEW
¶ 9. This Court applies a de novo standard when reviewing a circuit court’s grant or denial of a motion to dismiss. Farmer v. State of Miss. Dep’t of Pub. Safety, 907 So.2d 981, 984 (¶ 8) (Miss.Ct.App.2005).
DISCUSSION
¶ 10. On appeal, the Davises [2] appear to form their argument solely around Gilda’s *325 causes of action. Gilda asserts that she received injuries while on the job, and she also argues that the circuit court erred in dismissing her claim that she was unlawfully terminated by the School District’s non-renewal of her contract as barred under the applicable statute of limitations.

Worker’s Compensation Claim

¶ 11. In her appeal from county court to circuit court, Gilda seeks relief for injuries she sustained on May 26, 2004, and claims that she never received worker’s compensation for her injury. However, as noted in the circuit court’s judgment, Gilda failed to raise this issue in her original complaint filed in the Harrison County County Court. On appeal to this Court, Gilda’s brief asserts that she was injured on the job, but it does not appear to raise any error regarding the circuit court’s dismissal of this claim. Pursuant to the Mississippi Rules of Appellate Procedure 28(a)(l)(6), the argument in an appellant’s brief must contain “the contentions of appellant with respect to the issues presented, and the reasons for those contentions, ■with citations to the authorities, statutes, and parts of the record relied on.” Additionally, although Gilda cites an assortment of case law, none of the cases relate to her worker’s compensation claim. This Court is not required to address any issue on appeal that is not supported by reasons for the contentions and authority. Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶4) (Miss.Ct.App.2005).
¶ 12. However, we note that Gilda states that she was acting in the course and scope of her employment when she received her injuries on May 26, 2004, and point out that such claim falls under the Mississippi Worker’s Compensation Act. See Miss.Code Ann. §§ 71-3-9 (Rev.2000) (“The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee-”) and 71-3-35(1) (Rev.2000) (“Regardless of whether notice was received, if no payment of compensation ... is made and no application for benefits filed with the [Commission within two years from the date of the injury ..., the right to compensation therefor shall be barred.”). Gilda claims she was injured in 2004, but she failed to make an application for benefits within two years from the date of her injury, as required under the Act. In his order of dismissal, the circuit judge noted that: “Any workers’ compensation claims had to be filed with the Mississippi Workers’ Compensation Commission 'by April 29, 2006. Any remaining claims had to be filed by April 29, 2007. [Gilda] filed nothing until May 30, 2007. All applicable statutes of limitation had expired prior to the filing of her complaint in this matter.” *326 Therefore, any right to compensation is barred.
¶ 13. We also find no error in the circuit court’s dismissal of Gilda’s worker’s compensation claim as not being properly before the circuit court, since Gilda failed to raise the claim in her complaint filed in county court and, thus, raised the issue for the first time on appeal to the circuit court. See Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss.2000) (pleadings must provide sufficient notice of the claim to the opposing party). See also M.R.C.P. 8.

Wrongful Termination

¶ 14. Gilda argues that the School District violated 42 U.S.C. § 1983 (2006) by willfully depriving Gilda of her constitutional and civil rights. Gilda argues that the statute of limitations for this wrongful-termination claim began to run on May 31, 2004, the day that she claims that the School District terminated her employment.
¶ 15. The Mississippi Supreme Court has held that a state’s personal-injury statute of limitations should be applied to all section 1983 claims. Bankston v. Pass Rd. Tire Ctr., Inc., 611 So.2d 998, 1003-04 (Miss.1992). Therefore, Mississippi’s general three-year statute of limitations, section 15-1-49 (Rev.2003), is applicable to Gilda’s 1983 claims. Id. Miss. Code Ann. 15-1-49 states that:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
¶ 16. In Chardon v. Fernandez, 454 U.S. 6, 7-8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), the United States Supreme Court established that a section 1983 cause of action accrues when the plaintiff receives notice of termination, not when the employment actually terminates. Thus, Gilda’s alleged section 1983 and constitutional rights claims began to run on April 29, 2004, when she admittedly received the non-renewal notice from the School District. Gilda waited to file her suit until May 30, 2007, thirty-one days after the expiration of the statute of limitations for the instant action.
¶ 17. Gilda also alleges various Mississippi state-law tort claims against the School District. See Miss.Code Ann. § 11-46-11(1) (Supp.2010) (School districts are included as governmental entities under this statute.). These claims are controlled by the Mississippi Tort Claims Act (MTCA), which provides that “all actions brought under the provisions of this chapter shall be commenced within one year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after....” See Black v. Ansah, 876 So.2d 395, 397 (¶¶7-10) (Miss.Ct.App.2003) (applying section 11-46-11(3) (Rev.2002) in a wrongful-termination action). The School District points out that Gilda failed to comply with the ninety-day notice provision required by section 11-46-11(1). The record reflects that Gilda filed her complaint over two years after the MTCA statute of limitations had expired; therefore, we find no error in the circuit court’s dismissal of Gilda’s state-law tort claims.

Damages and Double Costs

¶ 18. The School Board submits that under Mississippi Rule of Appellate *327 Procedure 38, it is entitled to damages and double costs as a result of defending the Davises’ frivolous suit and appeal. Under Rule 38, this Court may assess sanctions where an appeal is found to be frivolous. The question this presents is “whether a reasonable person would have any hope for success.” Hards v. Hards, 988 So.2d 376, 380 (¶ 16) (Miss.2008). This Court evaluates Rule 38 frivolity by reference to Mississippi Rule of Civil Procedure 11. Asanov v. Hunt, 914 So.2d 769, 774 (¶ 25) (Miss.Ct.App.2005).
¶ 19. The record reflects that the county judge found Joseph’s claims to be frivolous and imposed an initial award of sanction upon Joseph in the amount of $2,000. However, the county judge later amended this amount to $5,085.36 after determining that the initial amount was imposed before the School District was provided an opportunity to introduce evidence as to the amount of attorney’s fees incurred in the defense of Joseph’s claims and before Joseph was provided an opportunity to argue against the justification of the sanctions award. The county court’s final judgment on sanctions explained that the court found sanctions to be appropriate, and the court found that the School District had provided documentary evidence to establish that the sum awarded was fairly equal to the amount of money the School District had expended for the defense of Joseph’s claims. The county court did not impose monetary sanctions upon Gilda.
¶ 20. Upon review, we find that the county court and circuit court properly informed Gilda in proficient, written opinions that her claims were barred by the statute of limitations; thus, we find her fully aware that she had no “hope for success” on appeal. Id. We note that our supreme court has established that pro se parties are held to the same rules regarding procedure and substantive law as represented parties; thus, we impose double costs of this appeal against Gilda as the most appropriate sanction pursuant to Rule 38. See Tubwell v. Grant, 760 So.2d 687, 690 (¶ 14) (Miss.2000) (Supreme court’s past experiences with pro se party allowed the court “to presume that he possessed the knowledge to determine the difference between a frivolous lawsuit and one deserving merit[.]”); Ivy v. Merchant, 666 So.2d 445, 450-51 (Miss.1995); Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987).
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. DOUBLE COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT GILDA DAVIS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. MAXWELL, J„ NOT PARTICIPATING.

. Davis v. Biloxi Pub. Sch. Dist., 937 So.2d 450 (Miss.2006); Davis v. Biloxi Pub. Sch. Dist., 549 U.S. 1224, 127 S.Ct. 1289, 167 L.Ed.2d 107 (2007).

. Although Joseph is listed as a plaintiff7ap-pellant in the style of this case, we note that the appellants' brief only addresses assignments of error as to Gilda’s claims. After *325 reviewing the transcript from the motion hearing in county court on July 2, 2008, it appears to this Court that Joseph, who possesses no license to practice law, added himself as a plaintiff in order to act as his wife’s counsel. The brief fails to allege any assignment of error as to the circuit court’s dismissal of Joseph's claims as barred by res ju-dicata, collateral estoppel, and the statute of limitations. However, we note that Gilda’s allegations in the present appeal mirror many of the allegations made by Joseph in his prior lawsuits against the School District. The county court and circuit court judgments both reflect that they found the instant action to constitute Joseph’s third attempt to litigate his claims against the School District. We note that all of the claims raised by Joseph in the current complaint were raised or should have been raised in Davis I and II. In both of those prior cases, this Court resolved all questions regarding his termination and the manner in which he was terminated. As a result, we acknowledge that any subsequent attempt by Joseph to relitigate any claims or issues previously litigated in Davis I or Davis II are indeed barred by the doctrines of res judicata and collateral estoppel; furthermore, they are barred by the statute of limitations.