CARLTON, J.,
for the Court:
¶ 1. This appeal stems from the Hancock County Chancery Court’s order granting the motion to dismiss a probate claim against the Estate of Doris Nethery for attorney’s fees. The chancellor set aside the divorce between Wilbur Glen Nethery and his wife, Doris, upon a motion by Greg Nethery, Glen’s son and guardian at the time. Greg and Glen’s Estate (Appellants) argue that the chancellor erred in granting the motion to dismiss, claiming that the chancellor granted relief based on a ground Doris’s Estate failed to raise or argue in the motion to dismiss. Upon review, we find the probate claim for attorney’s fees barred by the ordinary principles of res judicata.[1] We therefore find no error in the chancellor’s dismissal of that claim, and we affirm.
 ¶ 2. After the perfection of the instant appeal of the denial of the disputed probate claim, the chancellor appointed Greg as administrator of Glen’s Estate, relieving the previously appointed chancery clerk[2] from those duties.[3] Then, consistent with the chancellor’s appointment, *1001 this court granted the motion to substitute Greg as administrator on appeal.[4]
¶ 3. Also, during the appeal of this case, Appellants filed a motion requesting this Court to strike a September 18, 2013 letter from Doris’s Estate to this Court. We passed this motion for consideration of the merits. In their motion, Appellants claimed that the letter from Doris’s Estate constituted an improper argument and also a violation of Mississippi Rules of Appellate Procedure 28(k), 28(c), and 2(b). In the motion to strike, Appellants also requested an award of attorney’s fees as a sanction against Doris’s Estate and its attorney for violating the rules of appellate procedure. See M.R.A.P. 2(b). Upon due consideration of this motion, we grant Appellants’ motion to strike this letter from the record and from any consideration on appeal of this matter. However, we deny the requested relief and sanction of attorney’s fees.
FACTS
¶ 4. Glen and Doris married on October 7, 1987. On May 4, 2006, Doris brought Glen to Attorney William Dreher Jr.’s law offices. At the time, Glen was seventy-four years old and suffering from Alzheimer’s disease. Dreher testified that Doris expressed concern over shielding her assets against a claim by Social Security in the event Glen was placed in a nursing home. After meeting with Doris and Glen, Dreher telephoned another attorney, Cecil Woods, and informed Woods that he was sending Doris and Glen to meet with Woods to obtain a divorce. Dreher also explained to Woods that a question arose as to Glen’s mental capacity. Doris brought Glen to Woods’s office on May 4, 2006, and later that same afternoon they signed a joint complaint for divorce. Doris obtained a judgment of divorce on July 24, 2006, with an attached “Property[-]Settlement Agreement.”
¶ 5. In November 2006, the chancery court appointed Greg, Glen’s son, as guardian of Glen after determining that Glen failed to possess the mental and emotional capacity to handle his own affairs. Subsequent to the chancery court entering the judgment of divorce, Doris sold the marital home and placed the joint accounts in her name alone. While visiting with Glen’s children during Christmas in 2006, Doris informed them for the first time that she and Glen obtained a divorce.
¶ 6. On January 22, 2007, Greg moved the chancery court for authority to begin legal action to set aside the divorce and file suit against Doris for fraud, negligent misrepresentation, imposition of a constructive trust, conversion, and a temporary restraining order. The chancellor granted Greg the authority to take such action.
¶ 7. On January 23, 2007, Greg moved to vacate the judgment of divorce, claiming that Glen suffered from dementia caused by Alzheimer’s disease; that Doris engaged in risky investment transactions using marital funds without Glen’s consent or knowledge; that Doris obtained a no-fault divorce and turned Glen over to his children with no money or property; and that Doris obtained the divorce and property *1002 settlement as a result of fraudulent conduct. Greg also filed suit against Doris in chancery court, claiming that Doris obtained the 2006 divorce and property-settlement agreement by fraud and inequitable conduct.
¶ 8. The chancellor consolidated the cases and granted a temporary restraining order, prohibiting Doris from disposing of property other than for reasonable necessaries. The chancellor conducted a telephone hearing on November 16, 2007, after a contested hearing on the motion to set aside the divorce. The chancellor determined that the divorce and property-settlement agreement resulted from overreaching and inequitable conduct, and set aside the divorce judgment and property-settlement agreement.
¶ 9. On January 30, 2008, the chancellor entered an order granting the motion to set aside judgment of divorce. On February 8, 2008, the Greg filed a complaint to set aside a deed from Doris to third parties by which Doris conveyed the Hancock County marital home without Glen’s signature, in violation of Mississippi Code Annotated section 89-1-29 (Rev.2011). Greg also moved to recover legal fees from the divorce proceedings. However, Greg failed to obtain a ruling from the court on his motion for legal fees prior to Glen’s death.[5]
¶ 10. Glen died on August 13, 2008. Greg petitioned to be appointed administrator of Glen’s Estate, but the chancellor appointed Hancock County Chancery Clerk Tim Kellar as administrator of Glen’s Estate. The chancellor explained that due to “extreme antipathy and distrust” between Doris and Greg, the chan-eellor appointed a neutral party to serve as administrator.
¶ 11. On September 30, 2008, the chancellor entered an order denying the motion for legal fees, acknowledging Greg’s lack of standing to file the motion, since Glen died on August 13, 2008, and Greg was not the administrator of Glen’s Estate.[6] The chancellor stated that $30,000 would constitute a sufficient sum for the fees necessary for the legal work to set aside the divorce and property settlement, and explained that the claim for attorney’s fees could be sought by Glen’s Estate. The record reflects that Greg appealed this order; however, the appeal was later dismissed by agreement of the parties. The record contains nothing to show Glen’s Estate ever pursued a judgment for these legal fees. Therefore, the chancellor entered no judgment allowing these attorney’s fees.
¶ 12. Doris died on January 9, 2009. Four days later, on January 13, 2009, Attorney Dreher filed a petition to probate Doris’s Last Will and Testament, dated September 17, 2008. The will nominated Dreher as executor, and also listed Dreher as a beneficiary with a one-half interest in Doris’s Estate under the residuary clause. Dreher published a notice to creditors and filed a proof of publication with the chancery clerk. Glen’s Estate filed a claim against Doris’s Estate for $30,000 in attorney’s fees (stemming from setting aside the divorce and property-settlement agreement) on April 20, 2009.
¶ 13. On May 3, 2009, Doris’s Estate moved to dismiss the probate claim, asserting the ground of “failure to prosecute.” After oral argument, the chancery *1003 court entered an order dismissing the claim on September 10, 2012. The chancellor ruled.that Glen’s Estate failed to take action to pursue claims for attorney’s fees in the divorce action, “there being no motion before this court in any cause for attorney’s fees.” On September 17, 2012, the chancery court entered an order sua sponte vacating the September 10, 2012 order, with respect to the probated claim of Glen’s Estate.
¶ 14. On September 26, 2012, the chancellor entered an order granting the motion to dismiss based on a finding that Greg failed to substitute Glen’s Estate as a party in the divorce action in order to pursue the attorney’s fees. The chancellor explained that an award of attorney’s fees was never ... made by this court since Greg, as guardian of [Glen], appealed the court’s ruling then dismissed the appeal, and [Glen’s Estate] did not pursue attorney’s fees in the divorce action. Thus, attorney’s fees were never awarded or reduced to a judgment against Doris Nethery, and therefore the claim for attorney’s fees based upon the court’s ruling on September 30, 2008[,] ... is not a valid claim against her estate.
¶ 15. Glen’s Estate moved to alter or amend, for a new trial, or for reconsideration. After a hearing on the motion, the chancellor entered an order on October 24, 2012, denying the motion to alter or amend, for new trial, or for reconsideration, and addressed Greg’s lack of standing to raise the claim on behalf of his father’s Estate. Glen’s Estate then filed this appeal.
STANDARD OF REVIEW
¶ 16. This Court will not reverse a chancellor’s findings of fact unless they are manifestly wrong or not supported by substantial credible evidence, or the chancellor applied an erroneous legal standard. Columbia Land Dev., LLC v. Sec’y of State, 868 So.2d 1006, 1011 (¶14) (Miss.2004). “While we give deference to a chancellor’s determination of fact, we review the chancellor’s determinations of law de novo.” City of Picayune v. S. Reg’l Corp., 916 So.2d 510, 519 (¶23) (Miss.2005). This Court also employs a de novo standard of review when reviewing a trial court’s grant or denial of a motion to dismiss. Farmer v. State of Miss. Dep’t of Pub. Safety, 907 So.2d 981, 984 (¶ 8) (Miss.Ct.App.2005) (citing Spencer v. State, 880 So.2d 1044,1045 (¶ 6) (Miss.2004)).
¶ 17. Additionally, “[t]he standard of review for considering a trial court’s decision denying a motion for a new trial is whether the trial court abused it[s] discretion.” Smith v. Crawford, 937 So.2d 446, 447 (¶ 5) (Miss.2006) (citations omitted).
DISCUSSION
¶ 18. On appeal, Appellants assert that the chancellor erred in expanding the motion to dismiss from the sole ground pleaded, failure to prosecute, to include other grounds that Doris’s Estate failed to raise in the motion to dismiss. Appellants argue that Glen’s Estate failed to receive fair notice from an appropriate rule-compliant motion or pleading of a legal argument or other grounds. Appellants cite to Mississippi Rule of Civil Procedure 7(b)(1), which requires a written motion to state the grounds “with particularity.” Appellants further assert that once Doris died, the claim for attorney’s fees became a probatable claim after Doris’s Estate was open, and that Mississippi Rule of Civil Procedure 41(b), which allows involuntary dismissals for failure to prosecute, does not apply in an estate proceeding for a probated claim. Rather, probated claims are governed by Mississippi Code Annotat *1004 ed sections 91-7-145 to -155 and section 91-7-165 (Rev.2013).
¶ 19. Appellants also argue that in the September 30, 2008 judgment finding that Greg lacked standing to assert the claim for attorney’s fees after Glen’s death, the chancellor failed to rule on the merits of the claim. Appellants illustrate their argument by comparing the chancellor’s finding that Greg, as guardian, lacked standing to sue, to that of a chancellor determining that the chancery court lacked jurisdiction to rule on a claim. See Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801 (¶ 14) (Miss.2006) (“A lack of standing ‘robs the court of jurisdiction to hear the case.’ ”).
¶ 20. Alternatively, Doris’s Estate submits that Appellants failed to substitute Glen’s Estate as a party in the place of the Guardianship of Glen, pursuant to Mississippi Rule of Civil Procedure 25, in the prior divorce action. Doris’s Estate further argues that Mississippi Rule of Civil Procedure 59 provided Glen’s Estate with ten days[7] after the judgment rendered September 30, 1998, in the prior divorce case to file and assert a claim against Doris for attorney’s fees in that prior matter. Glen’s Estate failed to file such a claim against Doris within ten days of the judgment or during the litigation of that prior action, and the final judgment in that cause contained no award or judgment for attorney’s fees to be assessed against Doris. Therefore, Doris’s Estate argues that since the final judgment issued with no award of attorney’s fees and the Estate raised no appeal of that matter, res judica-ta bars the current probate claim.
¶ 21. In response, Appellants argue that the claim for attorney’s fees constitutes a probatable claim, arguing that Glen’s Estate did not to have to reduce the claim to a judgment before the claim could be probated.[8] However, Appellants’ argument overlooks the application of the principles of res judicata that bar all issues that could have been raised and decided in the initial suit, plus all issues that were actually decided in the first cause.[9] See Estate of Anderson v. Deposit Guar. Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996).[10] The chancellor denied Greg’s motion for attorney’s fees in the prior matter, and the Estate then failed to appeal. The final judgment rendered bars the relitigation of the claim for attorney’s fees asserted in the probate claim on appeal herein.
¶ 22. The supreme court has explained: For the bar of res judicata to apply ... there are four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the *1005 cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.... [T]he absence of any one of the elements is fatal to the defense of res judicata.
Doris’s Estate asserts that the facts and circumstances relied on by Appellants in both suits are identical, and the parties are identical, although since both Glen and Doris are deceased, they are now each represented by their Estates. Doris’s Estate also argues that the prior judgment serves as a final judgment and adjudication on the merits of all issues that could have been raised therein. Doris’s Estate also argues that Greg, as guardian for Glen, voluntarily dismissed his appeal in the prior domestic litigation of the chancellor’s order that denied his claim and that stated that Greg failed to possess standing to make a claim for attorney’s fees in that prior matter.[11] Therefore, Doris’s Estate correctly argues that due to the final judgment determining all issues in the prior domestic matter on the merits, res judicata bars the current probate claim seeking to litigate a claim for attorney’s fees from that prior action between Glen and Doris. See Dunaway v. W.H. Hopper & Assocs., 422 So.2d 749, 751 (Miss.1982).
¶ 23. Appellants argue that the chancellor granted Doris’s Estate’s motion to dismiss on a ground not asserted. However, the record shows that this motion to dismiss the probate claim also asserted the ground of failure to prosecute the claim for attorney’s fees. A review of the record shows that the chancellor indeed found that Glen’s Estate and Greg failed to prosecute and pursue that claim while the prior litigation was pending. The chancellor determined that the claim was barred by the final judgment in the prior case. In the chancellor’s September 26, 2012 order, the chancellor stated the following when explaining that Greg lacked standing to raise the claim for attorney’s fees since he was not the administrator of the Estate:
[Sjince [Glen] has passed away, the [$30,000 in] attorney’s fees sought would be the interest of his estate, and his guardian, [Greg], no longer had standing to bring the action. The court stated that the fees could, however, be sought by [Glen’s] estate.
[[Image here]]
On October 30, 2009, [Greg] filed an appeal with the Mississippi Supreme Court, appealing, among other issues, the Order denying the amended motion for attorney fees. The appeal was dismissed by agreement on July 3, 2009.
[[Image here]]
[Greg] made a claim in the present matter to recover $30,000 in attorney’s fees arising from the divorce action on April 20, 2009. On May 3, 2011, the Estate of Doris Nethery filed a motion to dismiss the claim for attorney’s fees.
¶ 24. In keeping mindful of our standard of review, we cannot find that the chancellor’s findings of fact herein are manifestly wrong or not supported by substantial credible evidence, or that an erroneous legal standard was applied. Columbia Land, 868 So.2d at 1011 (¶ 14). Additionally, after our review of the record herein and the applicable law, we find no error in the chancellor’s dismissal of Appellants’ claim. See City of Picayune, 916 So.2d at 519 (¶ 23).
*1006 ¶ 25. THE JUDGMENT OF THE HANCOCK COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, MAXWELL AND JAMES, JJ., CONCUR. GRIFFIS, P.J., ROBERTS AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.'

. See Estate of Anderson v. Deposit Guar. Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996) (res judicata bars all issues that might have been or could have been raised and decided in the initial suit, plus issues actually decided in the first cause of action).

. The record shows that at the time of the prior litigation of the divorce between Glen and Doris, the chancery clerk served as administrator, and not Greg. During that prior litigation, the record reflects that Glen's Estate raised no claim for attorney's fees.

. After perfection of this appeal, Timothy Rel-iar, the court-appointed administrator of Glen’s Estate, and Michael Hass Jr., attorney for Glen’s Estate, filed a motion for leave to resign as administrator and withdraw as attorney. After a hearing on the matter, the chancellor entered an order granting the motion. The chancellor sua sponte appointed Greg, Glen’s son, as administrator of Glen's Estate.
Kellar, Hass, and Greg then filed in this Court a motion to substitute Greg as administrator of Glen's Estate and to allow the withdrawal of Haas as counsel on appeal. In an order entered on August 27, 2013, this Court granted the motion, allowing Greg to be substituted as administrator of Glen’s Estate, and allowing Haas to withdraw as counsel for Appellants and Wynn E. Clark tó be substituted as new counsel for the Estate.

. We recognize that " ‘[standing' is a jurisdictional issue which may be raised by any party or the [c]ourt at any time.” City of Madison v. Bryan, 763 So.2d 162, 166 (¶ 20) (Miss.2000) (quoting Williams v. Stevens, 390 So.2d 1012, 1014 (Miss.1980)) (finding that to possess standing, there must be a present, existent actionable title or interest that must already be completed at the time the cause of action is filed). Moreover, ”[w]hen a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction." State v. Property at 2018 Rainbow Drive known as Oasis, 740 So.2d 1025, 1028 (Ala. 1999).

. As acknowledged, the chancellor appointed Greg to be Glen’s guardian after determining Glen lacked the mental capacity to handle his own affairs.

. The record reflects no motion by Greg to substitute the proper parties. See M.R.C.P. 25.

. Rule 59(e) states: "A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.”

. Appellants cite Williams v. Mason, 556 So.2d 1045, 1049-51 (Miss. 1990), Estate of McKellar v. Brown, 404 So.2d 550, 551-53 (Miss. 1981), and Thornhill v. Thornhill, 905 So.2d 747, 750-51 (¶¶ 6-9) (Miss.Ct.App. 2004), in support of their argument that a probated claim may be based on various claims that have not been previously reduced to a judgment.

. Appellants’ argument also fails to address that after Glen’s death, his Estate filed no Rule 25 motion for substitution on the claim for attorney’s fees against Doris during litigation of the prior cause of action. Glen’s Estate also failed to meet the ninety-day requirement for filing the motion as mandated by this rule. As a result, no award or judgment was ever entered against Doris for attorney's fees stemming from the divorce.

.See Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 232 (1(22) (Miss.2005). Specifically, Doris’s Estate submits that the claim for attorney's fees in the divorce action is not separate and apart from the claim against Doris’s Estate for the same attorney’s fees.

. Regarding the issue of standing, see City of Madison v. Bryan, 763 So.2d 162, 166 (¶ 20) (Miss.2000) (citing Williams v. Stevens, 390 So.2d 1012, 1014 (Miss. 1980)) (" 'Standing' is a jurisdictional issue which may be raised by any party or the [c]ourt at any time.”). See also State v. Property, 740 So.2d at 1028 (regarding standing and jurisdiction).